# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

County of Mille Lacs,

                Plaintiff,

vs.

United States Department of Justice, and United States Department of Interior,

                Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Comes now the Plaintiff, and for its cause of action against the Defendants, states and alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the United States Department of Justice ("DOJ") to fulfill the request of the County of Mille Lacs ("County") for records related to Tribal Law Enforcement activities, authority granted under 25 U.S.C. § 2801 et seq. or other authority, the assumption of concurrent federal criminal jurisdiction, and communications regarding the same with the Mille Lacs Band of Ojibwe.

2. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the United States Department of Interior ("DOI"), Bureau of Indian Affairs ("BIA") to fulfill the request of the County of Mille Lacs ("County") for records related to Tribal Law Enforcement activities, authority granted under, 25 U.S.C. § 2801 et seq. or other authority, the assumption of concurrent

1

federal criminal jurisdiction, and communications regarding the same with the Mille Lacs Band of Ojibwe.

3. This case seeks declaratory relief that the DOJ and the DOI are in violation of the FOIA for failing to fulfill the County's request for records, and injunctive relief that the DOJ and DOI immediately and fully comply with the County's request under the FOIA.

## JURISDICTION AND VENUE

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B), as Plaintiff is situated in the District of Minnesota.

5. Plaintiff Mille Lacs County is a local unit of government in Minnesota. The County was and is engaged in negotiations with the Mille Lacs Band of Ojibwe ("Band") over a new Cooperative Law Enforcement Agreement, pursuant to state law. The Cooperative Law Enforcement Agreement requires a clear and accurate mutual understanding of relevant County and tribal land boundaries, as asserted by the Band and the Defendants. The Cooperative Agreement also requires a clear understanding of the granting of federal concurrent jurisdiction, the federal law enforcement powers granted to the Band, and the geographical area where those powers will be exercised.

6. The County has requested the documents under the FOIA in order to effectively negotiate the Cooperative Law Enforcement Agreement, and in order to allocate its law enforcement resources.

7. The County is harmed by the DOJ's and DOI's failure to comply with the FOIA requests because that failure harms the County's ability to determine with certainty the boundaries of Indian Country as asserted by the DOJ and DOI for purposes of TLOA and the Band's federal law enforcement activities, as well as hindered in its ability to negotiate an effective cooperative law enforcement agreement with the Mille Lacs Band of Ojibwe.

8. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f). The DOJ has possession and control over the requested records and is responsible for fulfilling Plaintiff's FOIA request.

9. Defendant DOI is an agency within the meaning of 5 U.S.C. § 552(f). The DOI has possession and control over the requested records and is responsible for fulfilling Plaintiff's FOIA request.

## STATUTORY FRAMEWORK
### The Freedom of Information Act

10. The FOIA, 5 U.S.C. § 552, requires federal agencies to release requested records to the public unless one or more specific statutory exemptions apply.

11. A federal agency must respond to a party making a FOIA request within twenty (20) working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

12. In "unusual circumstances," an agency may delay its response to a FOIA request, but the agency still must provide the requester with notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

13. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

### FACTS

14. On November 17, 2016, Plaintiff's counsel sent an FOIA request to the DOJ via email, seeking:

   (1) All agreements, including drafts and proposed agreements, between any federal agency and the Mille Lacs Band of Ojibwe regarding concurrent federal criminal jurisdiction under the Tribal Law Enforcement Act;

   (2) All agreements, including drafts and proposed agreements, and other documents referencing planned Mille Lacs Band of Ojibwe Tribal Law Enforcement activities to enforce federal and/or tribal law pursuant to 25 U.S.C.A. § 2804 or other statutory or legal authority;

   (3) Records of the dates, times and substance of all phone calls, meetings, and conferences between the Department of Justice and the Mille Lacs Band of Ojibwe or their attorneys or representatives concerning:
   a. Tribal Law Enforcement Act and the assumption of concurrent federal criminal jurisdiction;
   b. The Mille Lacs Reservation boundaries;
   c. Activities by Mille Lacs Band Police or Law Enforcement following the assumption of concurrent federal criminal jurisdiction;

   (4) All notes of meetings, correspondence, emails, or other electronic communications, or other documents containing information and the substance of the communications between the Department of

>  Justice and the Mille Lacs Band of Ojibwe or their representatives or attorneys in the matters identified in 3a-c above;
>
>  (5) Any other correspondence, memoranda, or documents provided to the Mille Lacs Band of Ojibwe or their representatives or attorneys, or received from the Mille Lacs Band of Ojibwe or their representatives or attorneys, concerning the following:
>     a. The assumption of concurrent federal criminal jurisdiction;
>     b. The Mille Lacs Reservation boundaries;
>     c. Actions and activities by the Mille Lacs Band of Ojibwe Police or Law Enforcement following the assumption of concurrent federal criminal jurisdiction;
>
>  (6) Plans or proposals for the determination of the Mille Lacs Reservation boundaries through criminal prosecution or other litigation following the assumption of concurrent federal criminal jurisdiction.

15. On November 17, 2016, Plaintiff's counsel sent an FOIA request to the DOI via email, seeking:

>  (1) All agreements, including drafts and proposed agreements, between any federal agency and the Mille Lacs Band of Ojibwe regarding concurrent federal criminal jurisdiction under the Tribal Law Enforcement Act.
>
>  (2) All agreements, including drafts and proposed agreements, and other documents referencing planned Mille Lacs Band of Ojibwe Tribal Law Enforcement activities to enforce federal and/or tribal law pursuant to 25 U.S.C.A. § 2804 or other statutory or legal authority.
>
>  (3) Records of the dates, times and substance of all phone calls, meetings and conferences between the Department of Justice and the Mille Lacs Band of Ojibwe or their attorneys or representatives concerning:
>     a. Tribal Law Enforcement Act and the assumption of concurrent federal criminal jurisdiction;
>     b. The Mille Lacs Reservation boundaries;

    c. Activities by Mille Lacs Band Police or Law Enforcement following the assumption of concurrent federal criminal jurisdiction;

(4) All notes of meetings, correspondence, emails or other electronic communications, or other documents containing information and the substance of the communications between the Department of Justice and the Mille Lacs Band of Ojibwe or their representatives or attorneys in the matters identified in 3a-c above.

(5) Any other correspondence, memoranda, or documents provided to the Mille Lacs Band of Ojibwe or their representatives or attorneys, or received from the Mille Lacs Band of Ojibwe or their representatives or attorneys, concerning the following:
    a. The assumption of concurrent federal criminal jurisdiction;
    b. The Mille Lacs Reservation boundaries;
    c. Actions and activities by the Mille Lacs Band of Ojibwe Police or Law Enforcement following the assumption of concurrent federal criminal jurisdiction

(6) Plans or proposals for the determination of the Mille Lacs Reservation boundaries through criminal prosecution or other litigation following the assumption of concurrent federal criminal jurisdiction.

16. The County agreed to pay all applicable fees in connection with processing its requests. Counsel for the County also acknowledged his affiliation with a local unit of government and indicated he was seeking to use the information on behalf of a local unit of government.

17. The DOJ did not respond to the County's FOIA request.

18. The DOI did not respond to the County's FOIA request except on November 18, 2016 the DOI responded that FOIA coordinator Barry Cossey at the Office of Justice Services would respond to the request.

6

19. On January 9, 2017, the County sent another email to the DOJ, following up on the November 17, 2016 request, and indicating it had not received any response from the DOJ. The County did not receive a response.

20. On January 14, 2017 the Mille Lacs County Attorney sent the November 17, 2016 FOIA request to Brian Archdale of the BIA requesting production of the documents. No response was received.

21. On January 25, 2017 the Mille Lacs County Attorney sent a follow-up email to Brian Archdale of the BIA requesting an update on the FOIA request process. No response was received.

22. On January 26, 2017, the County sent another email to the DOJ, following up on its November 17, 2016 request, and indicating it had not received any response from the DOJ. The County did not receive a response.

23. On January 30, 2017 the County wrote to Barry Cossey, the FOIA coordinator who the DOI had advised would respond, advising that it had not received any response to its FOIA request. No response was received.

24. On April 26, 2017, the County sent a letter to the DOJ, via email, detailing its request and its follow-up communications.

25. Also on April 26, 2017, the County sent an email to the DOI and Barry Cossey advising that it had not received a response.

26. On April 26, 2017 Jessica Rogers on behalf of the DOI, Bureau of Indian Affairs, sent an email to Barry Cossey with a copy to Randy Thompson requesting that he provide a status update regarding the FOIA request. No status update was received.

27. On May 5, 2017, the DOJ sent a letter to counsel for the County in response to its FOIA request. The letter indicates that the request had been assigned two different processing numbers, and that the DOJ was combining both files and assigning it the earlier of the two numbers. The letter indicates that the "Executive Office has received an exceedingly heavy volume of Freedom of Information Act/Privacy Act requests" and indicates that it is unable to respond to the request within the time limits established by the Freedom of Information Act.

28. The DOJ's response does not explain whether or not it will be producing documents pursuant to the County's request.

29. The DOJ's response does not explain the date by which the County can anticipate a response to its request.

30. As of the date of this filing, the County has still not received a response from the DOJ on its request.

31. No response has been received from the DOI on the County's FOIA request to the DOI.

32. The DOI and DOJ have improperly withheld the records requested under the FOIA requests by the County.

33. The County has now exhausted administrative remedies.

## PLAINTIFF'S CLAIMS FOR RELIEF

### <u>CLAIM ONE - DOJ</u>
**(Failure to Produce Records Under the FOIA)**

34. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

35. Plaintiff, through its November 17, 2016 FOIA request, properly asked for records within the DOJ's control.

36. Defendant DOJ has neither produced any records to Plaintiff in response to its FOIA request, nor made any explicit and justified claims of statutory exemption.

37. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant DOJ's wrongful withholding of the records requested in Plaintiff's November 17, 2016 FOIA request.

38. The DOJ violated FOIA's mandate to release agency records to the public, by failing to release the records Plaintiff specifically requested. 5 U.S.C. § 552(a)(3)(A), 552(a)(4)(B).

39. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the records requested in Plaintiff's November 17, 2016 FOIA request.

### <u>CLAIM TWO - DOI</u>
**(Failure to Produce Records Under the FOIA)**

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

41. Plaintiff, through its November 17, 2016 FOIA request, properly asked for records within the DOI's control.

42. Defendant DOI has neither produced any records to Plaintiff in response to its FOIA request, nor made any explicit and justified claims of statutory exemption.

43. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant DOI's wrongful withholding of the records requested in Plaintiff's November 17, 2016 FOIA request.

44. The DOI violated FOIA's mandate to release agency records to the public, by failing to release the records Plaintiff specifically requested. 5 U.S.C. § 552(a)(3)(A), 552(a)(4)(B).

45. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the records requested in Plaintiff's November 17, 2016 FOIA request.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(1) Declare that the DOJ and DOI violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's November 17, 2016 FOIA request;

(2) Order the DOJ and DOI to process and release immediately all records responsive to Plaintiff's November 17, 2016 FOIA request;

(3) Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA request and that no agency records are wrongfully withheld;

(4) Award Plaintiff its reasonable attorney's fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such other and further relief as the Court may deem just and proper.

DATED:  October 26, 2017

        **NOLAN, THOMPSON & LEIGHTON, PLC**

By /s/ Randy V. Thompson
Randy V. Thompson, Reg. No. 122506
Attorneys for Plaintiff
5001 American Blvd. West, Suite 595
Bloomington, MN  55437
Telephone No. 952-405-7171
Email:  rthompson@nmtlaw.com